UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LUCIA HERNANDEZ MEDINA,

    Plaintiff,

        v.

TRIPLE-S VIDA, INC.,

    Defendant.

Civil No. 11-1776 (GAG)

## OPINION AND ORDER

On July 5, 2011, Lucia Hernandez Medina ("Plaintiff") filed this civil action against Triple-S Vida ("Defendant") in the Puerto Rico Court of First Instance. (See Docket No. 1-2.) Plaintiff challenges the denial of long term disability benefits under her former employer's employee benefit plan by Defendant. (See id.) Pursuant to 28 U.S.C. § 1441(b), Defendant removed the case to federal court on August 8, 2011, alleging complete preemption of Plaintiff's claims by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq*.[1] (See Docket No. 1.) Defendant answered the complaint on September 7, 2011 (Docket No. 7).

On September 17, 2011, Plaintiff submitted a demand for a trial by jury (Docket No. 11). Defendant responded with a motion to strike Plaintiff's jury demand on September 27, 2011 (Docket No. 13).

---

[1] ERISA sets minimum standards for most voluntarily established pension and health plans in private industries in order to protect employees.

After reviewing the pleadings and pertinent law, the court **GRANTS** Defendant's motion to strike Plaintiff's jury demand at Docket No. 13.

I.   **Legal Standard**

"The Seventh Amendment to the United States Constitution guarantees the right to a jury trial in suits at common law [where the value in controversy shall exceed $20.00.]" Textron Fin. Corp. v. Ship and Sail, Inc., 2011 WL 344134 at *1 (D.R.I. Jan. 31, 2011) (quoting Luis Acosta, Inc. v. Citibank, N.A., 920 F. Supp. 15, 18 (1st Cir. 1996)) (internal quotation marks omitted). When a party makes a jury demand, "[t]he trial on all issues so demanded must be by jury unless . . . the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial." FED.R.CIV.P. 39(a)(2).

II.   **Discussion**

In Defendant's motion to strike Plaintiff's jury demand, Defendant argues there is no right to a trial by jury under ERISA's civil enforcement provision, Section 502 (a)(1)(B), 29 U.S.C. §1132(a)(1)(B), because such suits are considered equitable in nature. (See Docket No. 13 at 2.)

ERISA does not expressly grant or categorically deny the right to a trial by jury. "The general rule is that whether or not trial by jury is granted depends on the nature of the claims being disputed." Padilla De Higginbotham v. Worth Publishers, Inc., 820 F. Supp. 48, 49 (D.P.R. 1993). The analysis with respect to the Seventh Amendment right to a jury trial relies on whether the right or the remedy is traditionally enforced in an action at law or at equity. See Curtis v. Loether, 415 U.S. 189, 194-96 (1974); Bugher v. Feightner, 722 F.2d 1356, 1357 (7th Cir. 1983). When the plaintiff demands legal remedies, the Seventh Amendment provides for a

jury trial. See Scott v. Neely, 140 U.S. 106, 110 (1891) ("All actions which seek to recover specific property, real or personal, . . . or . . . a money judgment for breach of a simple contract, or as damages for injury to person or property are legal actions."); Curtis, 415 U.S. at 195 (Title VII action sounds basically in tort, hence legal for Seventh Amendment purposes); Perez-Santiago v. DeLeon-Velez, 868 F.2d 30, 32-33 (1st Cir. 1989) (holding right to a jury trial when plaintiff seeks damages under § 1983 tort liability theory). A "jury trial would be unsuitable where the nature of the claim being requested is strictly equitable in nature." Lopez v. Astrazeneca Pharms. LP, 2006 WL 508095 at *5 (D.P.R. Mar. 1, 2006) (citations omitted); see also Capability Grp., Inc. v. Am. Express Travel Related Serv's. Co., Inc., 658 F.3d 75, 82 (1st Cir. 2011) (stating injunctive relief is almost always a discretionary exercise of the court's equity power); Ramos v. Roche Products Inc., 936 F.2d 43, 50 (1st Cir. 1991) (holding remedies of promotion, reinstatement and backpay to be equitable in nature); see also Judge Nancy Gertner & Judith H. Mizner, The Law of Juries, § 1:5 (Thompson West, 2d ed. 2009) ("The Supreme Court has held that this Seventh Amendment right refers to the kinds of cases previously tried in courts of law, rather than courts of equity or admiralty, and to suits in which legal rights, as opposed equitable or admiralty rights, are at stake. Accordingly, the Seventh Amendment right to a jury trial generally applies to wholly private tort, contract, and property cases.") (citations omitted).

Without controlling precedent from the First Circuit the court looks at caselaw from other circuits to decide whether jury trials are available for ERISA claims under Section 502(a)(1)(B).[2]

---

[2] The First Circuit has held "where review (under an arbitrary and capricious standard) is based on an administrative record and no additional evidence is considered, jury trials are not available [and] . . . the change in standard of review from arbitrary and capricious review . . . to de novo

See Liston v. Unum Corp. Officer Severance Plan, 330 F.3d 19, 24 n.4 (1st Cir. 2003) ("Our own circuit has expressly reserved the question . . . although we have held where the case is decided on the administrative record and no additional evidence is considered, jury trials are not available." (citations omitted)). The circuit courts that have considered the question have concluded that jury trials are not available for such claims. See O'Hara v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA, 642 F.3d 110, 116 (2d Cir. 2011) ("[T]here is no right to a jury trial in a suit brought to recover ERISA benefits."); Eichorn v. AT&T Corp., 484 F.3d 644, 656 (3d Cir. 2007) (reiterating their previous finding that there is no right to a jury trial in actions under Section 502(a)(1)(B) of ERISA); Reese v. CNH America LLC, 574 F.3D 315, 327 (6th Cir. 2009) (acknowledging that "the Seventh Amendment does not guarantee a jury trial in ERISA . . . cases because the relief is equitable rather than legal."); McDougall v. Pioneer Ranch Ltd. P'ship, 494 F.3d 571, 576 (7th Cir. 2007) (noting there is no right to a jury trial in ERISA cases because its antecedents are equitable, not legal); Thomas v. Oregon Fruit Products Co., 228 F.3d 991, 997 (9th Cir. 2000) ("[T]he remedies available to a participant or beneficiary under ERISA are equitable in nature and the Seventh Amendment does not require that a jury trial be afforded for claims made by participants or beneficiaries."); Graham v. Hartford Life & Acc. Ins. Co., 589 F.3d 1345, 1355 (10th Cir. 2009) (finding that the Seventh Amendment guarantees no right to a jury trial in a Section 502(a) action for benefits); Vegter v. Canada Life Assur. Co., 311 Fed. Appx. 248, 249 (11th Cir. 2009) (affirming a district court decision that a former employee

---

review . . . makes no difference." Orndorf v. Pual Revere Life Ins. Co., 404 F.3d 510, 518 n.10 (1st Cir. 2005) (citing Recupero v. New Eng. Tel & Tel. Co., 118 F.3d 820, 831 (1st Cir. 1997)).

seeking relief under ERISA for denial of disability benefits did not have a right to a jury trial because the statute provided for equitable remedies).

The court is persuaded by the cited decisions and finds no grounds for the right to a trial by jury for claims brought under ERISA's Section 502(a)(1)B).  See Lopez v. Astrazeneca Pharms. LP, 2006 WL 508095 at *5 (D.P.R. Mar. 1, 2006) ("Because claims for benefits under ERISA are equitable in nature, the right to jury trial is inapposite."); Velazquez Arroyo v. MCS Life Ins. Co., 418 F. Supp. 2d 11, 15 (D.P.R. 2006) (noting that because the only claims at issue were brought under ERISA, "any trial held in this matter will be a bench trial").

### III.     Conclusion

For the reasons set forth above, the court **GRANTS** Defendant's motion to strike Plaintiff's jury demand at Docket No. 13.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 21st day of November 2011.

*S/Gustavo A. Gelpí*
GUSTAVO A. GELPÍ
United States District Judge