UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LUCIA HERNANDEZ-MEDINA,

  Plaintiff,

TRIPLE-S VIDA, INC.,

  Defendant.

Civil No. 11-1776 (GAG)

## OPINION AND ORDER

Plaintiff Lucia Hernandez-Medina ("Plaintiff") filed the instant complaint against Triple-S Vida, Inc. ("Triple S") under the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001. Specifically, Plaintiff brings this action pursuant to 29. U.S.C. § 1132(a)(1), challenging the denial of long term disability ("LTD") benefits under a group policy issued by Triple S to Doral Bank ("Doral"), Plaintiff's former employer.

After reviewing the facts of the case, the court concludes that summary judgment for Triple S is warranted as a matter of law. Accordingly, the Court **GRANTS** Triple S's motion for summary judgment. (Docket No. 25)

## I. PROCEDURAL AND FACTUAL HISTORY

Plaintiff was Branch Manager at Doral. (See Docket No. 27 at 8.) Plaintiff had disability insurance coverage under Doral's Long Term Disability Insurance Plan (the "Plan"). (See Docket No. 25 at 5.) The Plan is governed by ERISA and administered by

1

Triple S. (See Docket No. 27 at 4.)

On March 10, 2010, Triple S informed Plaintiff she was not eligible for LTD benefits under Doral's policy based on the information provided to date. (See Docket No. 26 at 8, ¶ 24.) Plaintiff appealed this decision on May 4, 2010. (See Docket No. 26 at 8, ¶ 29.) Triple S informed Plaintiff she could submit additional information for review. (See Docket No. 26 at 9, ¶ 31.)

Triple S asked Dr. Sergio Loaiza to review Plaintiff's record as it pertained to her ability to perform her job. (See Docket No. 26 at 9, ¶ 32.) After reviewing Plaintiff's record, Dr. Loaiza stated that no functional physical disability existed from the date on which Hernández claimed disability, April 28, 2009. (See Docket No. 25 at 8.)

Another independent review of Plaintiff's records was conducted by Dr. Joseph Gonzalez-Heydrich. Dr. Gonzalez-Heydrich opined that the records do not adequately document a psychological disability from April 28, 2009 to October 25, 2009 or anytime thereafter. (See Docket No. 25 at 9.)

On May 4, 2010, Plaintiff appealed Triple S's decision to deny her LTD benefits and sent Triple S additional medical information. (See Docket No. 25 at 8.) Triple S informed Plaintiff that additional medical review was warranted and referred her file for review by independent medical specialists. (See Docket No. 25 at 8-9.)

On July 14, 2010, Triple S denied Plaintiff's appeal, reiterating its decision to deny her application for disability benefits. (See Docket No. 26 at 35, ¶ 81.) Triple S determined Plaintiff was not eligible to receive LTD benefits due to the lack of clinical evidence to support a psychiatric or physical condition resulting in her inability to perform the essential duties of her position. (See Docket No. 26 at 35, ¶ 82.)

Plaintiff filed the present complaint on July 5, 2011. (See Docket No. 1-2.) Plaintiff claims that the denial of LTD benefits for physical illness is unreasonable, arbitrary, and capricious. Plaintiff further contends that Triple S's dual role as plan administrator and insurer constitutes a conflict of interests.

Defendant filed a notice of removal from state court to federal court on August 8, 2011. (Docket No. 1.) On July 2, 2012, Triple S filed its Motion for Summary Judgment (Docket No. 25) and corresponding Statement of Uncontested Material Facts (Docket No. 26). Plaintiff filed her Motion for Summary Judgment (Docket No. 27) and Statement of Uncontested Material Facts (Docket No. 28) on July 19, 2012. A Response in Opposition to Plaintiff's Motion for Summary Judgment (Docket No. 32) and Surreply to Defendant's Reply to Plaintiff's Response to Motion for Summary Judgment (Docket No. 33) were subsequently filed by Triple S and Plaintiff, respectively.

## II. SUMMARY JUDGMENT

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "An issue is genuine if 'it may reasonably be resolved in favor of either party' at trial, and material if it 'possess[es] the capacity to sway the outcome of the litigation under the applicable law.'" Iverson v. City of Boston, 452 F.3d 94, 98 (1st Cir. 2006) (alteration in original) (citations omitted). The moving party bears the initial burden of demonstrating the lack of evidence to support the non-moving party's case. Celotex, 477 U.S. at 325. "The movant must aver an absence of evidence to support the nonmoving party's case. The burden then shifts to the nonmovant to establish the existence of at least one fact issue which is both genuine and material." Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994). The nonmoving party must then "set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). If the court finds that some genuine factual issue remains, the resolution of which could affect the outcome of the case, then the court must deny summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

When considering a motion for summary judgment, the court must view the

evidence in the light most favorable to the non-moving party and give that party the benefit of any and all reasonable inferences. Id. at 255. Moreover, at the summary judgment stage, the court does not make credibility determinations or weigh the evidence. Id. Summary judgment may be appropriate, however, if the non-moving party's case rests merely upon "conclusory allegations, improbable inferences, and unsupported speculation." Forestier Fradera v. Mun. of Mayaguez, 440 F.3d 17, 21 (1st Cir. 2006) (quoting Benoit v. Technical Mfg. Corp., 331 F.3d 166, 173 (1st Cir. 2003)).

"Cross-motions for summary judgment do not alter the summary judgment standard, but instead simply require [the court] to determine whether either of the parties deserves judgment as a matter of law on the facts that are not disputed." Wells Real Estate Inv. Trust II, Inc. v. Chardon/Hato Rey P'ship, S.E., 615 F.3d 45, 51 (1st Cir. 2010) (citing Adria Int'l Group, Inc. v. Ferré Dev. Inc., 241 F.3d 103, 107 (1st Cir. 2001)) (internal quotation marks omitted). Although each motion for summary judgment must be decided on its own merits, each motion need not be considered in a vacuum. Wells Real Estate Inv. Trust II, Inc., 615 F.3d at 51 (quoting P.R. Am. Ins. Co. v. Rivera-Vázquez, 603 F.3d 125, 133 (1st Cir. 2010)) (internal quotation marks omitted). "Where, as here, cross-motions for summary judgment are filed simultaneously, or nearly so, the district court ordinarily should consider the two motions at the same time, applying the same standards to each motion." Wells Real Estate Inv. Trust II, Inc., 615 F.3d at 51 (quoting P.R. Am. Ins. Co. v. Rivera-Vázquez, 603 F.3d 125, 133 (1st Cir. 2010)) (internal quotation marks omitted).

## III. DENIAL OF BENEFITS CLAIM

Under ERISA's civil enforcement provision, 29 U.S.C. § 1132(a)(1)(B), judicial review of a benefit entitlement decision may be the subject of two separate standards. Eusebio Cotto Villegas v. Fed. Express Corp., 468 F.Supp. 2d 293, 306 (D.P.R. 2006). If the plan "gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan," then the court must apply the deferential "arbitrary and capricious" standard of review. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989); Leahy v. Raytheon Co., 315 F.3d 11, 15 (1st Cir. 2002). The arbitrary and capricious standard applies if a reading of the plan in question indicates a clear grant of discretionary authority to the administrator in determining the eligibility for benefits of a participant or beneficiary. See Terry v. Bayer Corp., 145 F.3d 28, 37 (1st Cir. 1998). "This standard means that the administrator's decision will be upheld if it is reasoned and supported by substantial evidence in the record." Doyle v. Paul Revere Life Ins. Co., 144 F.3d 181, 184 (1st Cir. 1998) (quoting Assoc. Fisheries of Maine, Inc. v. Daley, 127 F.3d 104, 109 (1st Cir. 1997)); see Vlass v. Raytheon Employees Disability Trust, 244 F.3d 27, 30 (1st Cir. 2001). "Evidence is 'substantial' if it is reasonably sufficient to support a conclusion." Vlass, 244 F.3d at 30 (citations omitted). "Moreover, the existence of contradictory evidence does not, in itself, make the administrator's decision arbitrary." Id. (citations omitted). Where such clear grant of discretionary authority is not apparent, the standard of review

6

is de novo. Firestone Tire & Rubber Co., 489 U.S. at 115; see also Rodriguez-Abreu v. Chase Manhattan Bank, N.A., 986 F.2d 580, 583 (1st Cir. 1993).

Furthermore, the First Circuit has held "that a conflict of interest does not change the standard of review from deferential to de novo." Diaz v. Metropolitan Life Ins. Co., 688 F. Supp. 2d 49, 60 (D.P.R. 2010) (citing Cusson v. Liberty Life Assur. Co. of Boston, 592 F.3d 215, 224 (1st Cir. 2010)). The fact that an administrator both determines benefits entitlements and pays out the benefits does not present such a serious conflict of interest. Sanchez-Figueroa v. Seguros de Vida Triple S, Inc., 2006 WL 2847385 at *11 (D.P.R. Sep. 29, 2006) (citing Doyle, 144 F.3d at 184). In situations where the conflict of interest is purely structural, i.e., when the insurer of an ERISA plan also serves as plan administrator– courts "must apply arbitrary and capricious review." Denmark, 481 F.3d at 31. "[S]pecial emphasis should be paid on reasonableness . . . with the burden on the claimant to show that the decision was improperly motivated." Sanchez-Figueroa, 2006 WL 2847385 at *11 (quoting Doyle, 144 F.3d at 184) (internal quotation marks omitted).

## IV. ANALYSIS

In the instant case, Triple S contends that, as claims administrator and insurer for Doral, it has complete discretion to interpret the Plan and make benefits and coverage determinations under the same. Plaintiff, on the other hand, argues that de novo is the applicable review standard. The court agrees with Triple S. Here, the Plan clearly gives

Triple S the discretionary authority to determine benefits eligibility and interpret the Plan (See Docket No. 26-1 at 14).  Consequently, the applicable standard of review is whether Doral arbitrarily and capriciously denied LTD benefits to Plaintiff.

Triple S contends that its denial of LTD benefits due to physical illness was not arbitrary and capricious because it was based on the lack of evidence in the record supporting Plaintiff's physical disability claims.  (Docket No. 25 at 9). Triple S references reports by independent medical reviewers as support for its determination. Consequently, the court examines the evidence Triple S had at hand to determine Plaintiff's eligibility.

Triple S's decision was based on the information found in Plaintiff's medical record. Plaintiff's claims of total disability due to fibromyalgia, carpal tunnel, or cervical radioculopathy are not supported with the information found in her medical record. Upon review of the available medical information, Plaintiff showed symptoms of depression directly related to her work environment.  Further review of the medical record revealed that Plaintiff could perform her occupation as Branch Manager outside of her work environment; therefore, she does not meet the definition of disability according to ERISA. (Docket No. 26-14 at 25.)

Triple S sought the opinion of two non-examining medical experts to review Plaintiff's medical record: Dr. Sergio Loaiza and Dr. Joseph Gonzalez-Heydrich.  Dr.

8

Loaiza's review of Plaintiff's medical records concluded that there was relatively little evidence in the record supporting a medically impairing condition that would substantiate Plaintiff's inability to perform the duties of her occupation before November 3, 2009.  (See Docket No. 26 at 9, ¶ 52.) Dr. Gonzalez-Heydrich's report on Plaintiff concluded that there was no evidence of psychological disability from April 28, 2009 to October 25, 2009, or subsequently, that should prevent her from working.  (See Docket No. 26 at 34, ¶ 80).

Plaintiff also failed to comply with the requirement of the 180-day Elimination Period.  To be considered eligible for LTD benefits, an employee must provide the employer not only with evidence that meets the definition of disability as indicated by the policy, but also evidence that the employee was unable to perform her job throughout and after the Elimination Period.

Plaintiff's policy defines the Elimination Period as follows: "Elimination Period"means a period of consecutive days of total disability for which no benefits are payable by the Group Policy.  It starts on the first day you are totally disabled."  (Docket No. 26-14 at 20.) "Totally disabled" means during the "Elimination Period" and the next 36 months he/she is unable to perform all of the material and substantial duties of his/her occupation on a full-time basis because of a disability: caused by injury or sickness that started while the employee is insured.  (Docket No. 26-14 at 20.)

Plaintiff's eligibility for LTD benefits depended on her compliance with the 180-day Elimination Period, i.e., being completely disabled from April 28, 2009 to October 25, 2009 (Docket No. 26 ¶ 54). Plaintiff's disability claim is not substantiated until November 3, 2009, and therefore fails to comply with the time requirement of the elimination period, rendering her ineligible for LTD benefits. (Docket No. 26. ¶ 54.)

As for Plaintiff's argument that Triple S did not take the SSA's determination into account, the court notes that Triple S was not required to do so. See Hill v. Metropolitan Life Ins. Co., 218 F. Supp. 2d 128, 132 (D.P.R. 2002) (finding that the plan administrator is not required to take into consideration the receipt of social security disability benefits when evaluating the plaintiff's claim because SSA's benefit eligibility determinations are not dispositive of disability insurance cases). A finding of disability under the SSA is not controlling evidence in a determination of disability benefits under a long term disability plan. Lopes v. Metropolitan Life Ins. Co., 332 F.3d 1, 6 n.9 (1st Cir. 2003) ("It is well settled that a Social Security disability benefits decision is relevant evidence but 'should not be given controlling weight except perhaps in the rare case in which the statutory criteria are identical to the criteria set forth in the insurance plan.'"); Fernandez v. Warner Lambert Co., 2007 WL 470641 at *10 (D.P.R. Feb. 08, 2007) (citations omitted).

Applying the arbitrary and capricious standard of review, the court concludes that Triple S's benefits determination was supported by substantial evidence. Triple S relied on

the opinions of two non-examining medical personnel: Dr. Loaiza and Dr. Gonzalez-Heydrich.  See Gannon v. Metropolitan Life Ins. Co., 360 F.3d 211, 214 (1st Cir. 2004) (finding a non-examining physician's review of a claimant's file to be reliable evidence). These reports substantially justify Triple S's decision to deny Plaintiff's claim for LTD benefits due to physical illness.

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS** Triple S's Motion for Summary Judgment (Docket No. 13).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 30th day of November, 2012.

*S/Gustavo A. Gelpí*
GUSTAVO A. GELPÍ
United States District Judge